UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JONATHAN D. BOYD,                   :
                                    :
            Petitioner,             :      Civ. No. 15-8087 (NLH)
                                    :
      v.                            :      OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
_____:

APPEARANCES
Jonathan D. Boyd, # 63867-050
F.C.I. McKean
P.O. Box 8000
Bradford, PA 16701
      Petitioner, pro se

HILLMAN, District Judge

                  I.    BACKGROUND

      On or about November 17, 2015, Petitioner Jonathan D. Boyd,

a prisoner confined at Federal Correctional Institution McKean

in Bradford, Pennsylvania, submitted a motion to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

(ECF No. 1).  In an order dated December 4, 2015 (ECF No. 2),

this case was administratively terminated because Petitioner did

not use the habeas form supplied by the Clerk for section 2255

motions, i.e., AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014),

as required by Local Civil Rule 81.2.  See also Rule 2 of the

Rules Governing Section 2255 Proceedings.  Petitioner was

instructed that he could apply to reopen this matter by
submitting a request along with a complete, signed petition on
the appropriate form.

On or about January 5, 2016, Petitioner submitted an
Amended Petition (ECF No. 3), and the case was reopened for
review by a judicial officer.  At this time, the Court will
conduct a preliminary review of the Amended Petition pursuant to
Rule 4 of the Rules Governing Section 2255 Proceedings.

II.   <u>STANDARDS OF REVIEW</u>

Title 28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to
> be released upon the ground that the sentence was
> imposed in violation of the Constitution or laws of
> the United States, or that the court was without
> jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by
> law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255(a). <u>See</u> <u>generally</u> <u>United States v. Thomas</u>, 713
F.3d 165 (3d Cir. 2013) (detailing the legislative history of §
2255).

A criminal defendant bears the burden of establishing his
entitlement to § 2255 relief. <u>See</u> <u>United States v. Davies</u>, 394
F.3d 182, 189 (3d Cir. 2005).  Moreover, as a § 2255 motion to
vacate is a collateral attack on a sentence, a criminal
defendant "must clear a significantly higher hurdle than would

2

exist on direct appeal." <u>United States v. Frady</u>, 456 U.S. 152, 166, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982).

Finally, this Court notes its duty to construe <u>pro se</u> pleadings liberally. <u>See</u> <u>United States v. Otero</u>, 502 F.3d 331, 334 (3d Cir. 2007) (<u>citing</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)).

### III. <u>TIMELINESS</u>

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. <u>See</u> 28 U.S.C. §§ 2244(d), 2255(f)(1).  Specifically, the one-year limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted in this Court's December 4, 2015 Order (ECF No. 2), the docket in Petitioner's underlying criminal case

indicates that a judgment was entered against Petitioner on December 21, 2012; and Petitioner's appeal was denied on October 3, 2013. <u>United States v. Boyd</u>, No. 11-cr-686 (NLH) (ECF Nos. 19, 26). Because the initial Petition was not submitted on the appropriate paperwork, the Court was unable to make a determination as to the timeliness of the Petition at that time. However, the Court noted that it appeared that the Petition was untimely because it was filed beyond the one-year statute of limitations period.

In his Amended Petition (ECF No. 3), Petitioner certifies that the appeal of his underlying conviction was denied on October 3, 2013, and that he did not file a petition for certiorari in the United States Supreme Court — or any other application concerning the judgement at issue. (Am. Pet. 3, ECF No. 3). Therefore, his judgment of conviction became final on January 1, 2014 — at the expiration of the ninety-day period during which he could have petitioned the United States Supreme Court. <u>See Gonzalez v. Thaler</u>, 132 S.Ct. 641, 653–54 (2012) (holding that a judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court). As a result, unless the statute of limitations was

tolled, the applicable statute of limitations would have expired a year later on January 1, 2015. See 28 U.S.C. § 2255(f)(1).

The instant Petition, however, was not filed until November 5, 2015. (Pet. 9, ECF No. 1); see Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (under the prison mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing[.]"). Thus, the instant Petition was filed more than ten months beyond the expiration of the applicable one-year statute of limitations period.

However, Petitioner asserts that "his motion would be timely under § 2255(f)(4) since the facts supporting his claim were not discovered until he received the necessary information that the Government Breached the Plea Agreement." (Am. Pet. 13, ECF No. 3). As set forth above, § 2255(f)(4) provides that the one-year statute of limitations period does not begin to run until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Therefore, Petitioner impliedly argues that the facts supporting his claim were discovered less than one year before he filed the instant Petition.

In support of his argument that his Petition is timely under § 2255(f)(4), Petitioner states,

the facts supporting his claim were not discovered
until he received the necessary information from his
former attorney which he sought on numerous occasions.
Petitioner requested information from the above party
concerning his plea agreement.  Finally, after many
attempts, Petitioner received the necessary
information informing him that the Government breached
the plea agreement.

(Am. Pet. 17, ECF No. 3).

This explanation, however, fails to provide any specific
dates, or to give any detail regarding the circumstances under
which Petitioner discovered the facts supporting his claim.

Moreover, Petitioner's entire argument is premised upon the
allegation that the Government breached the plea agreement at
sentencing by "support[ing] the application of the career
offender enhancement[.]" (Am. Pet. 17, 19, ECF No. 3).  Without
making any determination as to the merits of Petitioner's
argument, the Court finds that Petitioner has failed to properly
explain that his Petition is timely under § 2255(f)(4).  It is
unclear why or how the facts which Petitioner asserts support
his claim, and which he implies were only recently discovered,
were unknown to him at the time he was sentenced.  Namely,
Petitioner agreed to the terms of, and admits that he had a
reasonable understanding of, the plea agreement in this case.
(Am. Pet. 19, ECF No. 3).  Petitioner was also present at the
sentencing hearing during which he alleges the government argued
for a career offender enhancement.  Further, Petitioner

6

previously challenged his sentence and argued that it was procedurally and substantively unreasonable. See United States v. Boyd, 537 F. App'x 68, 70 (3d Cir. 2013) (affirming sentence imposed by district court).

Therefore, there is nothing before the Court to suggest that Petitioner did not possess this information, or have access to these facts, immediately after he was sentenced or after he sought appellate review of his sentence. Furthermore, as set forth above, Petitioner does not adequately explain why this information was not previously discoverable, nor does he explain his efforts to obtain this information, or provide the dates on which the information was finally obtained. Given these circumstances, the Court finds that § 2255(f)(4) does not apply to this case, and the Petition is untimely under § 2255(f)(1) because it was filed more than 10 months after the expiration of the one-year statute of limitations period.

IV.  TOLLING

As set forth above, this federal habeas petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.  In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649-50 (2010); Ross v. Varano, 712 F.3d 784, 798 (3d Cir.

7

2013).  A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653.  "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); see also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but

it does require diligence in the circumstances.") (internal
quotation marks and citations omitted).

The court also must determine whether extraordinary
circumstances exist to warrant equitable tolling. "[G]arden
variety claim[s] of excusable neglect" by a petitioner's
attorney do not generally present an extraordinary circumstance
meriting equitable tolling. Holland, 560 U.S. at 651 (citations
omitted); see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir.
2003).  Rather, equitable tolling can be triggered only when
"the principles of equity would make the rigid application of a
limitation period unfair, such as when a state prisoner faces
extraordinary circumstances that prevent him from filing a
timely habeas petition and the prisoner has exercised reasonable
diligence in attempting to investigate and bring his claims."
LaCava, 398 F.3d at 275-276; see also Holland, 560 U.S. at 648-
49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89
(holding that equitable tolling should be applied sparingly, and
only when the "principles of equity would make the rigid
application of a limitation period unfair") (citations omitted).

Indeed, extraordinary circumstances have been found only
where: (a) the respondent has actively misled the plaintiff, (b)
the petitioner has in some extraordinary way been prevented from
asserting his rights, (c) the petitioner has timely asserted his
rights mistakenly in the wrong forum, or (d) the court itself

9

has misled a party regarding the steps that the party needs to take to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, Petitioner has offered no explanation for the delay in bringing his federal habeas petition which would allow this Court to consider equitable tolling.  Accordingly, the petition will be dismissed as untimely.

This dismissal is without prejudice to Petitioner filing a motion to re-open this case for consideration of statutory or equitable tolling issues. United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (holding that district courts should provide petitioners with notice and opportunity to respond to a finding of untimeliness); see also Paulk v. United States, No. 14-3490, 2015 WL 3935813, at *3 (D.N.J. June 26, 2015) (dismissing petition but permitting plaintiff to file a

motion to reopen to show valid reasons why the petition should not be dismissed as untimely).

V.   <u>CONCLUSION</u>

For the foregoing reasons, the Amended Petition is dismissed without prejudice as untimely. <u>See</u> 28 U.S.C. § 2255(f).  Petitioner may file a motion to re-open this case for consideration of statutory or equitable tolling issues within 60 days of the date of this Opinion and accompanying Order. <u>See</u> <u>Bendolph</u>, 409 F.3d at 169.

An appropriate Order will follow.

__s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: May 17, 2016
At Camden, New Jersey