UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JONATHAN D. BOYD,                   :
                                    :
      Petitioner,          :   Civ. No. 15-8087 (NLH)
                                    :
  v.                                :   OPINION
                                    :
UNITED STATES OF AMERICA            :
                                    :
      Respondent.          :
_____ :

APPEARANCE:
Jonathan D. Boyd, No. 63867-050
F.C.I. McKean
P.O. Box 8000
Bradford, PA 16701
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Jonathan D. Boyd ("Petitioner"), a prisoner presently incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"). ECF No. 1. The Court previously dismissed the § 2255 Motion as untimely. ECF Nos. 4 (opinion) and 5 (order). Presently before the Court is Petitioner's Motion for Consideration of Statutory or Equitable Tolling Issues (the "Equitable Tolling Motion"). ECF No. 6. For the reasons that follow, the Equitable Tolling Motion will be denied.

I. BACKGROUND

    Petitioner pled guilty to one count of distribution and

possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) on February 28, 2012. No. 1:11-cr-686, ECF No. 17, Plea Agreement. The Court conducted Petitioner's sentencing hearing on December 19, 2012 and sentenced Petitioner to a term of 132 months of imprisonment. No. 1:11-cr-686, ECF No. 22, Sentencing Hr'g Tr.; ECF No. 19, Judgement of Conviction.

Petitioner appealed his conviction to the Court of Appeals for the Third Circuit, which appeal was denied on October 3, 2013. ECF No. 3, Am. Pet. Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States. Id., Am. Pet. at 3.

Over a year after his conviction became final, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 17, 2015. ECF No. 1. Petitioner filed an amended motion on January 5, 2016 in order to conform to the Court's Local Rules. ECF No. 3. In the § 2255 Motion, Petitioner's sole ground for relief is that the Government breached the plea agreement by arguing in favor of categorizing Petitioner as a career offender under the U.S. Sentencing Guidelines. ECF No. 3, § 2255 Motion at 5. In the § 2255 Motion, Petitioner states that his claim is timely "since the facts supporting his claim were not discovered until he

received the necessary information that the Government breached the Plea Agreement." Id. at 13. Petitioner went on to explain that

> the facts supporting his claim were not discovered until he received the necessary information from his former attorney which he sought on numerous occasions. Petitioner requested information from the above party concerning his plea agreement. Finally, after many attempts, Petitioner received the necessary information informing him that the Government breached the plea agreement.

Id. at 17.

In its Opinion entered May 17, 2016, the Court found that Petitioner's conviction became final on January 1, 2014, and that the applicable statute of limitations for bringing a § 2255 challenge expired on January 1, 2015. ECF No. 4 at 4-5. The Court declined to apply the statute of limitations provided in § 2255(f)(4), which provides one year in which to bring a claim after the discovery of facts upon which the claim relies, because the Court noted that the Petitioner was in possession of the facts upon which his claim relies as of the date of his sentencing hearing. Id. at 6-7. The Court noted that Petitioner offered no explanation for his delay in filing his § 2255 Motion that would permit equitable tolling. The Court thus dismissed the Motion without prejudice and explained that Petitioner would file a motion to re-open the action for

3

consideration of tolling issues.  Id. at 10.

Petitioner thereafter filed the Equitable Tolling Motion. ECF No. 6.  In it, Petitioner first argues that his § 2255 Motion should be considered timely under § 2255(f)(4), which provides for a one-year limitations period starting from the date on which the operative facts supporting the claim were discovered.  ECF No. 6 at 3.  In addition, Petitioner argues that the Court should "focus also on other aspects of his claims that might entitle him to relief" such as the fact that his claim was "not discovered until he received the necessary information from his former counsel which he sought on numerous occasions."  Id. at 3.  Petitioner notes that he raised these arguments in his original motion.  Id.

## II. DISCUSSION

As the Court detailed in its Opinion of May 17, 2016, Petitioner's § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1), because it was filed over a year after his conviction became final, and under § 2255(f)(4), because Petitioner knew of the facts on which his claim is based at his sentencing hearing.  ECF No. 4, Op. at 5-6.  In his Equitable Tolling Motion, Petitioner provides no additional facts that were discovered after the sentencing hearing and on which a timely claim within the limitations period provided under §

4

2255(f)(4) could be found. Petitioner's argument as to the limitations period in his Equitable Tolling Motion is substantively identical to the argument he made previously and that the Court addressed in its prior Opinion. See ECF No. 4 at 5-6 (quoting the Amended Petition). Because Petitioner has failed to present facts substantiating a discovery that occurred subsequent to the sentencing hearing, the Motion will be denied as to timeliness under the statute of limitations.

In its prior Opinion, the Court advised Petitioner that he had included no facts upon which the Court could consider equitable tolling but granted him an opportunity to file the instant motion to address equitable tolling. See ECF No. 4 at 7-11. A litigant who seeks equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010).

As to equitable tolling, Petitioner provides the following argument:

> As explained in the original motion, the facts supporting Petitioner's claim were not discovered until he received the necessary information from his former counsel which he sought on numerous occasions. For instance, Petitioner requested the information from the above party concerning his plea agreement, which, finally, after many attempts the Petitioner

5

> received the necessary information informing him that
> the government breached the plea agreement. Here,
> Petitioner has exercised and shown a significant
> degree of due diligence in pursuing and preserving his
> claim by reaching out to an attorney he thought was
> still representing him, providing him with effective
> assistance of counsel, but also by filing the instant
> motion once he did receive the necessary information
> that the government breached the plea agreement.

ECF No. 6, Eq. Tolling Mot. at 3-4. The Petitioner has again failed to offer any explanation for the delay in bringing his § 2255 Motion that would allow the Court to consider equitable tolling. This is the same argument that Petitioner presented to the Court previously regarding timeliness, and here, Petitioner has added no new facts to demonstrate either diligence or extraordinary circumstances.

Furthermore, the Court notes that Petitioner's sole claim is that the Government breached the plea agreement at the sentencing hearing. Petitioner was present at his sentencing hearing and was thus on notice at that time of any facts that would support such a claim if any existed.[1] In addition,

---

[1] As the Court noted in its prior opinion, without deciding the merits of Petitioner's argument, Petitioner agreed to the terms of and admits that he had a reasonable understanding of the plea agreement in this case, which contained no stipulation regarding career offender status. ECF No. 4, at 6. At the sentencing hearing, Petitioner heard the government agree with Probation's application of the career offender enhancement. Id. A review of the sentencing transcript also makes clear that there was no dispute as to Petitioner's status as a career criminal, because his own attorney at sentencing admitted he should be classified

Petitioner cites no piece of evidence or information that Petitioner needed to obtain from his attorney that was a necessary prerequisite to filing the § 2255 Motion. For this reason, the Motion is denied as to equitable tolling.

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate

---

as such. No. 1:11-cr-686, ECF No. 22, Sentencing Hr'g Tr. at 17:9-14. Petitioner makes no attempt to explain how the government breaches a plea agreement by asserting something the defense agrees with. In short, there appears to be no basis for a claim that the government breached the plea agreement and every reason to believe that Petitioner was fully aware of all relevant facts as of the December 19, 2012 sentencing hearing.

of appealability shall issue.

**IV. CONCLUSION**

For the above reasons, the Equitable Tolling Motion will be denied, and a certificate of appealability will not issue. An appropriate Order follows.


Dated: February 21, 2018          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.